Shauck, J.
The rights of the relator and the duties of the board of medical registration and examination are defined by the act of February 27, 1896 (92 O. L., 44). The pertinent provisions are in the second section of the act amending section 4403c of the Revised Statutes. They describe three classes of persons who, upon application and compliance with the conditions prescribed for their class, are entitled to receive from the board certificates which, when left with the probate judge of the proper county, shall be conclusive evidence of the right to practice medicine:
1. Graduates in medicine from legally chartered medical institutions of the prescribed standing, upon presentation of their diplomas with proof of their identity, are entitled to receive a certificate of the board unless it be refused upon grounds applying to all classes, and relating to the character or habits of the applicant.
2. Legal practitioners of medicine at the time of the passage of the act (Feb. 27, 1896), but not graduates in medicine or surgery, may furnish the *24 board ,an affidavit stating the periods during which and the places at which they have practiced, and the board, if satisfied from such affidavits and from other information which they may receive of the truth of the affidavits, shall issue the certificates.
3. Persons engaged in the practice of medicine, but neither legal practitioners nor graduates in medicine or surgery may present themselves before the board and submit to examination touching their qualifications for the practice of medicine or surgery and the board, if the examination be satisfactory to it, shall issue the prescribed certificate.
The relator does not attempt to bring himself within the first class by alleging that he is a graduate in medicine or surgery, nor does he allege that he presented himself to the board for examination according to the course prescribed for those belonging to the third class. His claim is that his application and the accompanying affidavits and statements bring him within the second class, and that his declaration, that he was a legal practitioner of medicine at the time of the passage of the act entitles him to the certificate of the board without examination.
What constituted a legal practitioner of medicine on the twenty-seventh day of February, 1896? The act of that date affords no answer to the question. It assumes the existence of legal practitioners, but does not define them. A legal practitioner on the twenty-seventh day of February, 3 896, was one who was then engaged in the practice of medicine in accordance with the provisions of the act of May 5, 1868 (65 O. L., 146), which took effect October 1, 1868. The first section of the act pro *25 vided “that it shall be unlawful for any person, within the limits of said state, who has not attended two full courses of instruction and graduated at some school of medicine, either of the United States or some foreign country, or who cannot produce a certificate of qualification from some state or county medical society, and is not a person of good moral character, to practice medicine in any of its departments for reward or compensation, or attempt to practice medicine, or prescribe medicine or medicines, for reward or compensation, for any sick person within the state of Ohio; provided, that in all cases when any person has been continuously engaged in the practice of medicine for a period of ten years or more he shall be considered to have complied with the provisions of this act, and that where persons have been in continuous practice of medicine for five years or more they shall be allowed two years in which to comply with such provisions. ’ ’ The second section prescribes penalties for practicing medicine in violation of the provisions of the first section.
The relator’s petition shows that he had been engaged in the practice of medicine for nineteen years prior to the making of his affidavit submitted to the board April 21,1896; that is, he did not commence the practice until after the passage of the act of 1868. He was therefore clearly within the purview of the first section of that act and not within the proviso saving the right to practice to those who had been engaged in the practice for ten years to continue therein, and to those who had been so engaged for five years to comply with ihe provisions of the act within two years. The proposition that one might enter upon the practice of medicine in 1877 in violation of the terms of a penal *26 statute, and by persisting in such practice for ten years acquire the status of a legal practitioner cannot be reconciled with the obvious purpose of the statute. That purpose was not to reward, but to punish, the practice which the relator now urges as entitling him to special advantages over other practitioners of medicine. We are aware that in Wert v. Clutter, 37 Ohio St., 347, it was held by a divided court that a recovery of compensation for medical services might be had by one excluded from practice by the purview of the section of the act of 1868, because he had, prior to the time of rendering the services, been engaged for ten years in the practice of medicine partly before and partly after the passage of the act. But the entrance of the relator upon the practice was in violation of the statute. It does not seem practicable to distinguish the eases further nor necessary to approve the concise reasoning of the dissenting opinion in the case cited.
The claim of the relator is not aided by the act of May 2, 1885, for it required a continuous practice of ten years prior to that date to constitute one a legal practitioner.
The relator not having complied with the requirement of the first section of the act of May 5,. 1868, was not a legal practitioner of medicine on the twenty-seventh day of February, 1896, and he is within the third class of applicants described in the act of that date. The petition therefore does not state a cause of action and the demurrer will be sustained to it.

Petition dismissed.